**JS-6, O**

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE KING,<br><br>                    Petitioner,<br><br>          v.<br><br>PATRICK EATON,<br><br>                    Respondent. | Case No.: 5:22-cv-00861-MEMF(Ex)<br><br>**ORDER DISMISSING CASE AND JUDGMENT** |

      Petitioner, a state prisoner, filed a "Petition for Writ of Habeas Corpus" in the United States District Court for the Northern District of California. On May 23, 2022, the Northern District transferred the Petition to this Court.

      The Petition seeks to challenge a 1997 San Bernardino Superior Court criminal judgment. Petitioner previously challenged this same Superior Court judgment in a prior habeas corpus petition filed in this Court. *See King v. Scribner*, 5:03-cv-01554-DOC(FMOx). On August 19, 2004, this Court entered Judgment in *King v. Scribner*, 5:03-cv-01554-DOC(FMOx), denying and dismissing the prior petition with prejudice as untimely. The United States Court of Appeals for the Ninth Circuit denied Petitioner's request for a certificate of appealability on April 21, 2005.

The Court must dismiss the present Petition in accordance with 28 U.S.C. § 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the Court of Appeals. *See Burton v. Stewart*, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeals before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); *Barapind v. Reno*, 225 F.3d 1100, 1111 (9th Cir. 2000) ("[T]he prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced."). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). *See, e.g.*, *Thompson v. Calderon*, 151 F.3d 918, 920–21 (9th Cir.), *cert. denied*, 524 U.S. 965 (1998); *Calbert v. Marshall*, 2008 WL 649798, at *2–4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as untimely "constitutes a disposition on the merits and that a further petition challenging the same conviction would be 'second or successive' for purposes of 28 U.S.C. § 2244(b)." *McNabb v. Yates*, 576 F.3d 1028, 1029 (9th Cir. 2009). Petitioner evidently has not yet obtained authorization from the Ninth Circuit Court of Appeals.[1] Consequently, this Court cannot entertain the present Petition. *See Burton v. Stewart*, 549 U.S. at 157; *see also Remsen v. Att'y Gen. of Calif.*, 471 Fed. App'x 571, 571 (9th Cir. 2012) (if a petitioner fails to obtain authorization from the Court of Appeals to file a second or successive petition, "the district court lacks jurisdiction to consider the petition and should dismiss it" (citation omitted)).

/ / /

/ / /

---

[1] The docket for the United States Court of Appeals for the Ninth Circuit, available on the Pacer database on www.pacer.gov, does not reflect that anyone named Jesse King has received authorization to file a second or successive petition. *See Mir v. Little Company of Mary Hosp.*, 844 F.2d 646, 649 (9th Cir. 1988) (court may take judicial notice of court records).

For all of the foregoing reasons, it is hereby ORDERED and ADJUDGED that the Petition is denied and dismissed without prejudice.

Dated: December 5, 2022

_____
MAAME EWUSI-MENSAH FRIMPONG
United States District Judge